IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-MC-219-GCM-DCK

| | |
|---|---|
| JOHN HERNDON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RTIC COOLERS, LLC; JOHN JACOBSEN; ) | |
| and JAMES JACOBSEN, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Petitioner's "Motion To Quash Non-Party Subpoena And To Transfer The Motion To The Western District Of Texas" (Document No. 1); and "Defendants' Motion To Transfer Or Compel The Deposition Of John Herndon And Reply To Motion To Quash Non-Party Subpoena And To Transfer The Motion To The Western District Of Texas" (Document No. 3). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will grant the motions, in part.

John Herndon ("Petitioner" or "Herndon") was served with a "Subpoena To Testify At A Deposition In A Civil Action" (Document No. 1-7) issued by the United States District Court for the Western District of Texas, on November 21, 2016, which commanded his appearance on December 5, 2016, for a deposition in Charlotte, North Carolina. Petitioner initiated this action in this Court with the filing of his "Motion To Quash Non-Party Subpoena And To Transfer The Motion To The Western District Of Texas" (Document No. 1) on December 5, 2016. Apparently, Respondents seek to depose Petitioner for discovery purposes related to Yeti Coolers, LLC v.

RTIC Coolers, LLC, John Jacobsen, & James Jacobsen, 1:15-CV-597-RP, currently pending in the Western District of Texas, Austin Division.

In most pertinent part, Petitioner's motion contends that this matter should be transferred back to the Western District of Texas because the same issues he raises seeking to quash his non-party subpoena, are also pending before the Western District of Texas in the underlying action. (Document No. 1, pp.1-2). Petitioner argues that "transfer will promote judicial economy, prevent inconsistent judicial decisions, and will not impose any meaningful burden on Defendants." (Document No. 1, p.2).

In addition, Petitioner notes that Rule 45 of the Federal Rules of Civil Procedure provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court **if the person subject to the subpoena consents** or if the court finds exceptional circumstances." (Document No. 1, p.1) (quoting Fed.R.Civ.P. 45(f)) (emphasis added). Petitioner, as the subject of a Rule 45 subpoena requiring compliance in this district, now consents to, and requests, that his motion to quash the subpoena be transferred to the Western District of Texas. (Document No. 1).

Respondents' "…Motion To Transfer Or Compel The Deposition Of John Herndon And Reply To Motion To Quash Non-Party Subpoena And To Transfer The Motion To The Western District Of Texas" (Document No. 3) was filed on December 7, 2016. By their motion, Respondents also request that the related motion to quash John Herndon's subpoena be transferred to the Western District of Texas where the underlying action is pending. (Document No. 3). In the alternative, Respondents request that this Court compel Petitioner to comply with the Rule 45 subpoena they served on him. Id.

Based on the foregoing, including Rule 45(f) and the parties' agreement that this matter should be transferred, the undersigned finds good cause to grant both motions in part, and require that this matter and the parties' requests to quash and/or compel be transferred to the underlying action in the Western District of Texas, Austin Division.

**IT IS, THEREFORE, ORDERED** that the "Motion To Quash Non-Party Subpoena And To Transfer The Motion To The Western District Of Texas" (Document No. 1) is **GRANTED IN PART**, as described herein.

**IT IS FURTHER ORDERED** that "Defendants' Motion To Transfer…" (Document No. 3) is **GRANTED IN PART**, as described herein.

**SO ORDERED**.

Signed: December 9, 2016

David C. Keesler
United States Magistrate Judge